IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OTIS MACLIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00970 |
| ) | |
| S. PAUL JUNKMANN, JR., ) | Judge Trauger |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Otis Maclin, Jr. has filed a *pro se* complaint in this action (ECF No. 1). The plaintiff proceeds *in forma pauperis*.

**I.   Factual Allegations**

In his complaint, the plaintiff alleges as follows:

> The victim Brianna Neal stated she was having a verbal argument with her boyfriend Otis Maclin. They were breaking up[.] She went to the parking lot with him to get her clothes out of his vehicle. Otis opened the trunk to his vehicle. As Brianna was getting her clothes out of the trunk Otis push her into the trunk. I was told by one officer had possession of the property surveillance from the property. A couple days after my incarceration if Paul Junkmann would have came forward with the tape it would have set me free.

(ECF No. 1, at 2.)

The sole defendant named in the action is S. Paul Junkmann, Jr., but the plaintiff does not provide an address for the defendant or describe him in any way. The plaintiff states that he is "seeking restitution for wrongful imprisonment [which caused] [him] to lose [his] job." (ECF No. 1, at 1.)

**II.   Standard of Review**

Because the plaintiff proceeds as a pauper, the court must conduct an initial review of the complaint and dismiss it *sua sponte*, prior to service on the defendant, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the court is mindful that *pro se* complaints are to be liberally construed and held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). The court must accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992). However, the leniency afforded to *pro se* plaintiffs is not boundless, and they "are not automatically entitled to take every case to trial." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and, ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002).

The Sixth Circuit has confirmed that, in assessing whether a *pro se* complaint states a claim on which relief may be granted, the district courts should apply the standard established by Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams*, 631 F.3d at 383 (quoting *Iqbal*, 556 U.S. at 681) (alteration in original).

### III. Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). Fed. R. Civ. P. 8(a) requires pleadings to contain, *inter alia*, "a short and plain statement of the grounds for the court's jurisdiction." The plaintiff has provided no such statement in this case, so the court must attempt to discern it from the complaint.

It does not appear that the court has jurisdiction under either 28 U.S.C. § 1331 or 1332, which are the only jurisdictional statutes relevant here. Under § 1331, which governs "federal question" jurisdiction,"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff's complaint references neither the Constitution nor any discernible federal statute. In the section of the form complaint asking the plaintiff to

"[s]tate the grounds for filing this case in Federal Court (included federal statutes and/or U.S. Constitutional provisions, if you know them," the plaintiff states only that he is seeking restitution for wrongful imprisonment. He does not invoke 42 U.S.C. § 1983 or any other federal statute, and his factual allegations do not give rise to a reasonable inference that the defendant is a state actor for purposes of stating a claim under § 1983.[1] Thus, the court lacks federal-question jurisdiction over this matter.

The court also lacks diversity jurisdiction, which is exercised pursuant to 28 U.S.C. § 1332 over cases between "citizens of different States." 28 U.S.C. § 1332(a)(1). Under this statute, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citation omitted). The complaint in this case does not allege complete diversity of citizenship, and nothing in the record suggests that it is present. The plaintiff, in fact, does not provide an address or any other information for the defendant. His allegations do not remotely indicate that the defendant is a citizen of a different state. Because the plaintiff does not allege facts suggesting that there is complete diversity among the parties, the exercise of jurisdiction under 28 U.S.C. § 1332 is not appropriate. *See V. & M Star*, 596 F.3d at 355.

There being no apparent basis for the exercise of this court's subject-matter jurisdiction, this case must be dismissed without prejudice. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge

---

[1] For instance, the plaintiff does not indicate that Junkmann is a police officer.